AARON RYALS, *et al.,* v. STATE.

150 So. 132.
Division A.
Opinion Filed September 21, 1933.

*Farris & Joel,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

DAVIS, C. J.—Aaron Ryals, William Harris and Augustus Harris were indicted in four counts on a charge of murder in the first degree. The first count charged all three as principals in the first degree in the slaying of Ralph McRae in Jacksonville, on June 8th, 1932. The remaining counts

charged first one and then another of the defendants as principals in the first degree with the other two as principals in the second degree. The jury convicted Aaron Ryals and William Harris of manslaughter. Augustus Harris, being a fugitive from justice at the time of the trial, was not placed on trial with the two convicted defendants who had been jointly indicted with him. On writ of error the two defendants found guilty seek reversal of their convictions on the ground that the evidence was not sufficient in law to support the verdicts returned against them.

It was substantially proved at the trial that the fatal shots that killed McRae were fired by the defendant, Augustus Harris, the man who fled the scene shortly after the shooting and who was never thereafter apprehended. It is also reasonably clear that the shooting ensued as the result of a sudden encounter largely provoked by the deceased, McRae, who seemed to resent the openly expressed enthusiasm of Aaron Ryals, William Harris and Augustus Harris over the outcome of Rex Sweat's candidacy for sheriff, the fatal encounter having occurred in Key's Chili Parlor on the night of the primary and the participants being there for the purpose of refreshment while awaiting the completion of the election returns.

The rule in this State is that before a person can be lawfully convicted as a principal in the second degree to a homicide, he must not only be present aiding or abetting the killing by the actual perpetrator, but must also be a participant in the felonious design with which the killing is done. Savage v. State, 18 Fla. 909, text 960; Condon v. State, 62 Texas Cr. Rep. 485, 138 S. W. Rep. 594; Henry v. State, 81 Fla. 763, 89 So. 136.

The evidence in the present case discloses, at most, that one of the two convicted defendants engaged in a personal

difficulty with McRae; that all three indicted defendants were in a party together for the purpose of securing refreshment and food in the restaurant where the killing occurred; that after the personal difficulty with McRae was in progress, that one of the party, Augustus Harris, drew his pistol and fired on McRae, evidently to protect his brother from McRae's encounter; that the fullest extent to which Aaron Ryals or William Harris were involved in the shooting was their mere presence at the scene of the killing as a member of the same restaurant party with the actual killer, Augustus Harris.

. Assuming that Augustus Harris was guilty of unlawful homicide in some degree by reason of his actual shooting of McRae, it was essential that the attempt to convict Aaron Ryals and William Harris as principals in the second degree to that shooting should have been supported by some showing, either by direct or circumstantial evidence, to the effect that Ryals and William Harris were not only physically present at the scene of the killing, but that they had either beforehand conspired to aid or abet the killing or had, after being present, aided or abetted in some manner, by acts or suggestions, the perpetration of the killing, accompanied by a participation on their part in the actual killer's felonious design to admit the killing that was accomplished. Savage v. State, *supra*.

. The evidence fails to meet the test of criminal liability just set forth, therefore the verdict was contrary to the law and a new trial should have been awarded by the trial judge.

Reversed for a new trial.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J., not participating.