SPECTOR, Chief Judge.
Appellant was charged by indictment with the first degree murder of one George Klikna. A jury found her guilty of murder in the third degree, and she was adjudicated guilty and sentenced to an indeterminate term of six months to twenty years. She now seeks reversal of the judgment and sentence on the ground that the guilty verdict is not supported by the evidence and that the trial court erred in not granting her motion for directed verdict at the close of the State’s case. Other grounds for reversal are raised by appellant, but they need not be considered because we reverse on the grounds stated above.
The killing underlying the charges against appellant was committed by a male companion of hers in the early morning hours of January 1, 1970. Appellant, her male companion, the deceased and others were celebrating the coming of the new year at the Ivanhoe Bar on U.S. Highway #1 in Volusia County. Considerable drinking was occurring and those in attendance were feeling its effect. As the crowd milled about in the bar, a patron vomited and some of it stained appellant’s dress. In the confusion, perhaps contributed to by the drinking, appellant thought George K. Klikna had spilled catsup on her causing the stain on her dress and she became angry at Klikna. Whereupon, she turned to her companion John Bryan and asked him, “Aren’t you going to do something about it?” She obviously felt affronted by what she thought Klikna had done to her and virtually demanded that Bryan demonstrate his concern for her by avenging her scorned dignity. One witness put it thusly: “Miss Casey wanted to know why didn’t John [Bryan] take George [Klikna] outside and she said that John *367 didn’t love her if he wouldn’t defend her and take up for her.”
Some time later, appellant and Bryan were outside the bar and she was overheard urging him to “do something” about Klikna, and Bryan told her to go inside the bar and get Klikna. Appellant did go in and summoned Klikna who followed her outside where Bryan was. After a brief exchange of words about the catsup, Bryan pulled a pistol out of his dungarees and dealt the mortal wound from which Klikna died.
The theory of appellant’s responsibility for Klikna’s death upon which the State relies is that of aider and abettor under Section 776.011, Florida Statutes, F.S.A. The State thus contends that although the actual killing was performed by appellant’s boyfriend, the latter did it at her urging, procurement or counsel. The statute in question reads as follows :
“776.011 Principal in First Degree.— Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, is a principal in the first degree and may be charged, convicted and punished as such, whether he is or is not actually or constructively present at the commission of such offense.”
No evidence was adduced to show that appellant intended that Bryan kill Klikna. At best, the inference as to appellant’s intent when she egged Bryan to “do something about it” was that she wanted Bryan to engage in fisticuffs with Klikna — to beat him up, as it were. But, this falls a far cry short of harboring an intent that Bryan kill the deceased. There was no evidence that she aided in the killing; nor that she counseled the killing; nor that she abetted or procured “such offense [the killing] to be committed,” as proscribed by the statute. Indeed, the State’s proof would seem to lead to the opposite conclusion since one of the State’s witnesses testified that three or four days prior to the incident the defendant had told the witness that she had taken a gun from the defendant and hid it from him for fear he would get in trouble with it. The uncontradicted evidence on this point supplied by the State tends to establish that Mrs. Casey had no knowledge that Bryan had the gun and, indeed, had reason to believe he didn’t have the gun at the time of the killing.
We do not believe appellant’s participation in the events of that night was such as to make her guilty of killing Klikna. In Ryals et al. v. State, 112 Fla. 4, 150 So. 132 (1933), the court had before it a conviction of manslaughter which occurred during a barroom argument over the outcome of an election. In reversing, the court said the verdict “should have been supported by some showing, either by direct or circumstantial evidence that [the defendants] were not only physically present at the scene of the killing, but that they had either beforehand conspired to aid or abet the killing, or had, after being present, aided or abetted in some manner, by acts or suggestions, the perpetration of the killing, accompanied by a participation on their part in the actual killer’s felonious design to commit the killing that was accomplished.”
In Gilday v. State, 168 So.2d 205 (Fla.App.1964), the court reversed a robbery conviction where the appellant went with another to the room of a third party, their intent being to commit an immoral act. Following their arrival, an altercation took place and Gilday’s companion took certain valuables and fled. The reversal was based on the absence of evidence that Gil-day in any way contributed to the forcible taking of the valuables or acted in concert with the other in committing the robbery. The court said that the robbery was the spur of the moment decision of Gilday’s companion after they had arrived at the premises. By analogy, the killing in the case at bar was a spur of the moment decision of Bryan’s in which the appellant did not participate.
*368 In our view, appellant’s request that Bryan “take up for her” and query as to whether Bryan was going to “do something” about the substance spilled on her dress did not amount to her counseling or procuring Bryan either to kill Klikna or take any action calculated to bring about his death. The State’s evidence of first degree murder against appellant was insufficient to go to the'jury on the aider and abettor theory. Thus, the motion for directed verdict at the end of the State’s case should have been granted.
Reversed.
WIGGINTON and JOHNSON, JJ., concur.