311 So.2d 198 (1975)
Rudolph HUTCHINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1193.
District Court of Appeal of Florida, Third District.
April 15, 1975.
Phillip A. Hubbart, Public Defender, Ullman, Kimler & Entin, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant was informed against, tried by jury, found guilty and sentenced to 25 years in the state penitentiary for robbery.
Appellant raises five points in this appeal, only one of which merits some discussion, to wit: that the trial court erred in declining to give a jury instruction relating to the weight to be given an accomplice's testimony.
This contention is based on the testimony given by one Daniel Morris who was present at the time of the robbery. Defendant-appellant argues that the jury could have found that Morris was an accomplice within the purview of the aider and abetter statute [§ 776.011, Fla. Stat., F.S.A.].
It has long been established that before one can be found to be an accomplice more than mere presence at the scene of the crime is necessary. Ryals v. State, 112 Fla. 4, 150 So. 132 (1933). Prior to any determination that Morris in the case sub judice was an aider and abetter and thus an accomplice, his intent to participate in the subject robbery must be proved. Furthermore, this intent cannot be based upon circumstances unless these circumstances exclude reasonable doubt engendered by his explanation of his presence at *199 the time and place of the commission of the robbery. Douglas v. State, Fla.App. 1968, 214 So.2d 653; Lockett v. State, Fla.App. 1972, 262 So.2d 253.
After a careful scrutiny of the record on appeal, we find there is a lack therein of any evidence demonstrating the requisite intent on the part of Morris or his actual participation in the crime. At most, testimony reflects that Morris, who lived only a block away, entered the market after the defendant and his accomplice, Bell, already were inside and Morris departed before the defendant and Bell. Therefore, we have concluded that the jury could not have found correctly that Morris was an accomplice and thus this point of appellant must fail.
Accordingly, the judgment of conviction herein appealed is affirmed.
Affirmed.