321 So.2d 139 (1975)
Willie FERGUSON and Richard Bowe, Appellants,
v.
STATE of Florida, Appellee.
No. 74-1024.
District Court of Appeal of Florida, Fourth District.
October 17, 1975.
Rehearing Denied November 18, 1975.
*140 Richard L. Jorandby, Public Defender, and Bruce Zeidel, Asst. Public Defender, West Palm Beach, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Stephen R. Koons, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellants, Ferguson and Bowe, were jointly charged, tried and convicted of grand larceny. No error is shown as to appellant Bowe and his conviction is affirmed. The evidence is legally insufficient to sustain the conviction of appellant Ferguson and his judgment and sentence are reversed.
Succinctly stated, the State's evidence established only the following: a store detective for the J.C. Penney Company saw a man (subsequently identified as Bowe) come into the store, take two men's suits off a rack in the men's department, and walk out the door. The detective followed Bowe, heard him shout "Get the car started", and saw him jump into an automobile. Ferguson, seated in the driver's seat of the automobile, apparently could not get it started, whereupon Bowe jumped out and ran back into the store where he dropped the suits and fled. Ferguson made no attempt to flee, remaining in the car at the request of the store detective until subsequently arrested by city police officers. Bowe was not apprehended until some time later.
For reasons which we explained in Lockett v. State, 262 So.2d 253 (Fla.App. 4th 1972), the State cannot convict Ferguson of grand larceny on no more evidence than this. He should have been charged, if at all, as an accessory after the fact under Fla. Stat. § 776.03 (1973).
The judgment and sentence as to appellant Ferguson are severally reversed and upon remand he shall be discharged. The judgment and sentence as to appellant Bowe are severally affirmed.
Reversed as to Ferguson; affirmed as to Bowe.
WALDEN, C.J., and DOWNEY, J., concur.