360 So.2d 1275 (1978)
Alton S. BEASLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1719.
District Court of Appeal of Florida, Fourth District.
June 28, 1978.
Rehearing Denied August 16, 1978.
*1276 Philip G. Butler, Jr., of Foley, Colton & Butler, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Anthony J. Golden and Charles A. Stampelos, Asst. Attys. Gen., West Palm Beach, for appellee.
DOWNEY, Chief Judge.
Appellant, together with Donald Raulerson and Charles Rampy, was charged with 1) delivery of cocaine and 2) delivery of marijuana. Appellant's case was severed and he was ultimately convicted of delivery of marijuana and sentenced to one year in the County jail.
The facts of the case set forth in appellant's brief are essentially as follows: Joyce Van Landingham, equipped by the State Attorney's office with a concealed microphone-transmitter, went to the law offices of her attorney, Alton Beasley, who was then handling a dissolution of marriage for her. Once at Mr. Beasley's office Mrs. Van Landingham asked Mr. Beasley where she could obtain a quantity of marijuana. Pursuant to that request Mr. Beasley called Donald Raulerson in an effort to locate Charles Rampy and instructed Mrs. Van Landingham to go to Raulerson's grocery store in Fort Pierce, Florida, and to speak only to Charles Rampy, and that Mr. Rampy would be able to arrange a delivery of marijuana for her. Mrs. Van Landingham left Mr. Beasley's office, returned to the office of the State Attorney, and then proceeded to a convenience store and called Donald Raulerson herself. She later went to Raulerson's store and made the arrangements to contact him the following day in order to obtain marijuana. The next day Van Landingham telephoned Raulerson two additional times and later met with him.
Richard Browning of the St. Lucie County Sheriff's Office testified that he monitored and taped the conversation between Van Landingham and Alton Beasley that occurred at Beasley's law office. He further testified that he monitored the phone conversation between Van Landingham and Raulerson, and also that he surveiled Van Landingham while she went to meet with Raulerson on both occasions. Further, he received the marijuana from William Boyd after Boyd had received it from Van Landingham.
Deputy Sheriff William Boyd testified that he was involved in the surveillance of Van Landingham when she obtained the marijuana from Raulerson, and he actually received the marijuana from Van Landingham after it was purchased by her.
Robert Blackledge, a chemist, testified that the substance purchased by Joyce Van Landingham from Donald Raulerson was marijuana and a controlled substance under Section 893.13, Florida Statutes (1975).
The appellant, Alton Beasley, testified that he had received information from his estranged wife that several individuals, including Vance Thomas, were involved in smuggling and selling illicit narcotics. This information was obtained from appellant's estranged wife as a result of visits with Mr. Beasley's minor children at the residence of Vance Thomas' father. Appellant expressed concern over the fact that his children *1277 were being exposed to a drug related environment by association with Vance Thomas and others that he knew to be involved in narcotics, and that he wished to put a stop to it by having Vance Thomas and the other individuals apprehended. Furthermore, appellant testified that he was advised that a client of his, Donald Raulerson, was working as an undercover agent for the Florida Department of Law Enforcement; he related the information regarding Vance Thomas and Joyce Van Landingham to Donald Raulerson approximately a week before the incident of June 14, 1976. Moreover, he testified that he discussed with Raulerson, in his capacity as an agent of the Florida Department of Law Enforcement, the possibility of arranging a controlled purchase of narcotics by Joyce Van Landingham from Vance Thomas.
Appellant testified that on June 24, 1975, Joyce Van Landingham visited his office and requested information regarding where she could purchase a quantity of marijuana as well as other illicit narcotics; he left the room and called Donald Raulerson for the purposes of arranging the controlled purchase of marijuana between Joyce Van Landingham and Vance Thomas. After confirming with Mr. Raulerson the arrangements of the controlled purchase, he continued discussing the matter with Joyce Van Landingham in order to demonstrate to her that he was involved and to convince her to enter into the transaction in an effort to apprehend Vance Thomas. He further testified that he instructed her to contact Charles Rampy at Donald Raulerson's office because he knew that Charles Rampy was well acquainted and associated with Vance Thomas. Lastly, the appellant testified that he had supplied other information to law enforcement officers regarding trafficking in illicit narcotics.
The evidence reflected that appellant was not present during any of the meetings between Van Landingham and Raulerson; Van Landingham was an agent for the Okeechobee Police Department and Raulerson was a confidential informant for the Florida Department of Law Enforcement, but without authority to deal in drugs.
The parties agree that appellant is guilty, if at all, as an aider and abettor. Therefore, the State must prove that a crime was committed, that appellant aided in the commission of the crime, and that the appellant had the intent to participate in the crime. Hutchinson v. State, 309 So.2d 184 (Fla. 1st DCA 1975); Casey v. State, 266 So.2d 366 (Fla. 1st DCA 1972). In inverse order, the record contains evidence which proves appellant's intent to participate and that he actually aided in setting up the drug transaction. When Van Landingham asked appellant where she could purchase some drugs he told her where to go and whom to contact. In furtherance of that scheme he called Raulerson seeking to locate Rampy. There is also adequate proof of the drug sale from Raulerson to Van Landingham. Thus, the State met the burden to show all of the elements required to convict appellant as an aider and abettor.
Appellant contends no crime was proven because Raulerson and Van Landingham were law enforcement agents participating in the sale, so that the requisite criminal intent is lacking. We concede that, if the factual basis for that contention existed, the legal conclusion would follow. However, the sale was set up by appellant and Raulerson and the evidence shows that Raulerson was a confidential informant with no authority to deal in drugs. Therefore any analogy to the general rule that where one of two persons who conspire to do an illegal act is an officer acting in the discharge of his duty, the other person cannot be convicted on a charge of conspiracy[1], is inapplicable. Appellant suggests that the King rule must be applied here because, while Raulerson was tried and convicted, on appeal the conviction was reversed[2] because the evidence was insufficient. However, one cannot tell from the abbreviated opinion in that case the reasons for the *1278 insufficiency of the evidence. More importantly, the record in this case clearly demonstrates that Raulerson did not meet the criteria necessary to make the King rule applicable.
Next appellant takes the position that he cannot be convicted as an aider and abettor because the criminal act intended never reached fruition. Appellant instructed Van Landingham to buy from Rampy, not from Raulerson. This argument is without force because an aider or abettor is guilty even though the common purpose was not to commit the particular crime which was committed. The aider is guilty of any other crime committed by the other person in pursuance of the common purpose or as a natural or probable consequence thereof. Davis v. State, 275 So.2d 575 (Fla. 1st DCA 1973).
We have considered appellant's other contentions and find them to be without merit. Accordingly, the judgment and sentence appealed from is affirmed.
AFFIRMED.
DAUKSCH, J., and BURNSTEIN, MIETTE K., Associate Judge, concur.
NOTES
[1] King v. State, 104 So.2d 730 (Fla. 1957).
[2] Raulerson v. State, 348 So.2d 598 (Fla. 4th DCA 1977).