GRIMES, Chief Judge,
dissenting.
I must dissent from the decision which the court has reached today in affirming appellant’s conviction on a charge of robbery.
The state charged appellant with being an accessory after the fact to the robbery of Kathy Dumouchel and with robbery of a firearm. A jury found him guilty of both charges, and the court sentenced him to ten years in prison for the robbery and five years in prison for being an accessory after the fact. This appeal followed.
The evidence presented at trial revealed that on September 29, 1978, Kathy Dumou- *1229 chel and William Cox were working at a convenience store in St. Petersburg. Erickson Williams entered the store and after asking for a carton of cigarettes produced a knife and demanded that Miss Dumouchel give him all of the money in the cash register. Cox started to struggle with Williams and during the struggle he smashed a bottle on Williams’ head. Still brandishing the knife, Williams staggered out of the store with the money and carton of cigarettes.
In the meantime, Cox ran to Officer Wells of the St. Petersburg Police Department who was sitting in his patrol car at a nearby intersection. He told Wells of the robbery. Wells started down Ninth Avenue where he saw a speeding car without its headlights. He pulled the car over and ordered appellant, who was driving, to step out of the car. After conducting a pat-down search of appellant, Wells ordered Williams from the car. Once outside, Williams fidgeted and looked like he wanted to run and hide. As Wells forced him to turn around to lean against the car, appellant “lunged” one step towards Wells as if he was going to hit him although he did not. When Wells turned to face appellant, Williams attacked Wells. After a brief struggle, Williams succeeded in taking Wells’ gun from him.
Appellant watched the struggle for the gun from the rear of the car without aiding Williams. Once Williams had the gun, however, appellant ran to the car, drove a short distance and waited for Williams to jump in. When Williams did, he sped away. Wells gave chase, and shortly thereafter appellant lost control of his car and crashed. At that point the police apprehended both appellant and Williams.
Appellant challenges only his conviction for the robbery of Officer Wells’ gun. He contends that the crime of robbery requires specific intent and that the state has failed to produce adequate evidence of that intent. The state, on the other hand, argues that robbery, as defined by the legislature in its 1977 revision of the statute,[1] now requires only a general criminal intent and cites Bell v. State, 354 So.2d 1266 (Fla. 3d DCA 1978), for that proposition. I think that both the state and appellant have missed the point of this case. It is clear from the facts stated above that if appellant was guilty of robbery of the gun, he was guilty only as an aider and abettor under Section 777.011, Florida Statutes (1977). Thus, the issue is not one of the intent necessary for a conviction under the robbery statute. Rather, it is a question of whether the state produced the evidence necessary for a conviction under the aider and abettor statute.
In Rosson v. State, 319 So.2d 64 (Fla. 2d DCA 1975), this court held that a conviction for aiding and abetting a crime requires proof of intent to participate in the conduct of the principal. Moreover, we noted that while intent to participate may be proved by circumstantial evidence, that proof must not only be consistent with guilt but also inconsistent with any reasonable hypothesis of innocence. Accord, Ferguson v. State, 321 So.2d 139 (Fla. 4th DCA 1975); Casey v. State, 266 So.2d 366 (Fla. 1st DCA 1972); Douglas v. State, 214 So.2d 653 (Fla. 3d DCA 1968). Applying these principles to the case at hand, it becomes clear that the state did not present sufficient evidence of appellant’s intent to participate in the robbery of Officer Wells’ gun to justify his conviction. While his actions in lunging towards Wells and driving Williams away after Williams had taken the gun may be consistent with an aiding and abetting theory, they are also consistent with the reasonable theory that appellant was merely trying to prevent Williams’ apprehension by Officer Wells.[2]
Accordingly, I think we should reverse appellant’s conviction on the charge of robbery and remand the case with directions that the court discharge him as to that charge.

. § 812.13, Fla.Stat. (1977).

. By this, I do not mean to suggest that appellant could not have been found to be an accessory after the fact to the robbery of the gun. Compare Ferguson v. State, 321 So.2d 139 (Fla. 4th DCA 1975), with Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972).