390 So.2d 85 (1980)
Ramon PEREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-319.
District Court of Appeal of Florida, Third District.
October 21, 1980.
Rehearing Denied December 4, 1980.
Mishkin & Febles, Miami, for appellant.
Jim Smith, Atty. Gen. and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before SCHWARTZ and BASKIN, JJ., and LILES, WOODIE A. (Ret.), Associate Judge.
SCHWARTZ, Judge.
At a non-jury trial, Perez was convicted of attempted robbery, obviously on the theory that he had aided and abetted the commission of the crime. The only evidence against him was that he assisted the actual robber, one Lara, to escape from his pursuers by pulling him into a moving car and driving from the vicinity of an aborted purse-snatch. There was no direct proof that Perez had been waiting for Lara, much less that he had a prior intention to participate in the offense itself, as is indispensable to conviction. Ryals v. State, 112 Fla. 4, 150 So. 132 (1933); Williams v. State, 206 So.2d 446 (Fla.4th DCA 1968). Pack v. State, 381 So.2d 1199 (Fla.2d DCA 1980); Lockett v. State, 262 So.2d 253 (Fla.4th DCA 1972); and Douglas v. State, 214 So.2d 653 (Fla.3d DCA 1968), establish that merely driving the perpetrator from the scene is insufficient circumstantial evidence of this requisite intent-even though, unlike this case, it is also shown that the defendant had driven him to the area or was present while the crime was taking place. A fortiori, these decisions require that Perez be discharged. Accord, e.g., J.O. v. State, 384 So.2d 966 *86 (Fla.3d DCA 1980); J.H. v. State, 370 So.2d 1219 (Fla.3d DCA 1979), cert. denied, 379 So.2d 209 (Fla. 1980).
Reversed.