414 So.2d 1160 (1982)
Andrew STUCKEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1606.
District Court of Appeal of Florida, Third District.
June 8, 1982.
Bennett H. Brummer, Public Defender and Paul Morris, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and HENDRY and JORGENSON, JJ.
HENDRY, Judge.
The defendant's conviction for second degree grand theft and resisting arrest is reversed. The circumstantial evidence fails to establish beyond a reasonable doubt that defendant had the specific intent to participate as an aider and abettor in the crime charged. Pack v. State, 381 So.2d 1199 (Fla. 2d DCA 1980); J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 209 (Fla. 1980). Although his conduct in driving the actual perpetrator to and from the scene of the shoplifting, Perez v. State, 390 So.2d 85 (Fla. 3d DCA 1980); Pack v. State, supra, in combination with other questionable after-the-fact behavior, *1161 J.O. v. State, 384 So.2d 966 (Fla. 3d DCA 1980) and cases cited, might be suggestive of guilt, such evidence is insufficient to exclude a reasonable hypothesis of innocence generated by defendant's explanation of his presence at the time and place of the commission of the crime. See Pack v. State, supra; J.H. v. State, supra; Douglas v. State, 214 So.2d 653 (Fla. 3d DCA 1968).
Reversed and remanded with directions to discharge the defendant.