BASKIN, Judge.
The trial court adjudicated appellant delinquent, finding that he participated in a robbery. The evidence adduced at his hearing established that D.M. was riding in an automobile when one of five other youths in the car reached out and snatched a purse out of the victim’s hands. The car then left the scene. When the car was stopped, appellant was in the passenger seat with the purse between his legs. The contents of the purse were strewn about the front of the car. The victim testified that D.M. was not the person who snatched the purse. Appellant fled when the car was stopped.
Appellant argues that the evidence is insufficient to support the element of intent necessary for an adjudication based on robbery. Where, as here, there is no evidence that appellant actually committed the crime, he may be adjudicated only as an aider and abettor and only if the state establishes that he intended to participate in the crime. A.Y.G. v. State, 414 So.2d 1158 (Fla. 3d DCA 1982); J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 209 (Fla.1980). Circumstantial evidence of intent must be inconsistent with any reasonable hypothesis of innocence. McArthur v. State, 351 So.2d 972 (Fla.1977). The evidence is circumstantial and even less compelling than the evidence we held required reversal in Douglas v. State, 214 So.2d 653 (Fla. 3d DCA 1968). Finding the testimony insufficient to establish either appellant’s knowledge of the crime prior to its commission, or his intent to participate in the robbery, we reverse the adjudication of delinquency.