436 So.2d 1085 (1983)
Craig Jerod JACKSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1817.
District Court of Appeal of Florida, Third District.
September 6, 1983.
Bennett H. Brummer, Public Defender and Howard K. Blumberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Richard E. Doran, Asst. Atty. Gen., for appellee.
*1086 Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
Evidence that (a) the victim of a purse snatching, committed by a person other than the defendant, saw Jackson emerging from an automobile which the victim had followed from the vicinity of the scene of the robbery; (b) the spoils of the robbery were found in the automobile occupied by Jackson and the perpetrator of the robbery; and (c) Jackson fled from the scene of the robbery; even if arguably supporting inferences that Jackson had driven the perpetrator to and from the scene and had after-the-fact knowledge of the robbery, is insufficient to prove that Jackson knew beforehand of his companion's intentions, much less that he had a prior intention to participate in the offense, and manifestly does not support Jackson's conviction for aiding and abetting in the commission of the robbery. D.M. v. State, 435 So.2d 976 (Fla. 3d DCA 1983); Davis v. State, 436 So.2d 196 (Fla. 4th DCA 1983); Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982), rev. den., 426 So.2d 26 (Fla. 1983); Stuckey v. State, 414 So.2d 1160 (Fla. 3d DCA 1982); A.Y.G. v. State, 414 So.2d 1158 (Fla. 3d DCA 1982); G.C. v. State, 407 So.2d 639 (Fla. 3d DCA 1981); J.L.B. v. State, 396 So.2d 761 (Fla. 3d DCA 1981); Perez v. State, 390 So.2d 85 (Fla. 3d DCA 1980); J.O. v. State, 384 So.2d 966 (Fla. 3d DCA 1980); Pack v. State, 381 So.2d 1199 (Fla. 2d DCA 1980); J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979), cert. den., 379 So.2d 209 (Fla. 1980); K.W.U. v. State, 367 So.2d 647 (Fla. 3d DCA), cert. den., 378 So.2d 349 (Fla. 1979). As this case once again illustrates, the State's ill-advised decision to charge the defendant with a crime which the evidence will not support and forego charging the defendant with a crime, e.g., accessory after the fact, which the evidence might justify, serves well the interest of the defendant, but hardly the interest of justice or the community. See A.Y.G. v. State, 414 So.2d at 1159.
Reversed with directions to discharge the defendant.