438 So.2d 1036 (1983)
Norman Gene COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2321.
District Court of Appeal of Florida, Second District.
October 14, 1983.
*1037 Jerry Hill, Public Defender, Bartow, Amelia G. Brown, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Norman Gene Collins challenges his conviction for burglary of a structure and grand theft in the second degree. He urges four grounds for reversal, one of which is that the circumstantial evidence against him was insufficient as a matter of law. Because we agree and reverse as to this ground, we need not address the other grounds raised.
The charges against appellant and his codefendant, Alvin T. Scott, arose from a burglary of a Winn-Dixie store. The crux of the state's argument was that appellant aided and abetted in transporting Scott to the store, acting as a lookout, helping "case" the building prior to the burglary, and returning to the scene to help Scott escape.
A review of the evidence presented at trial is necessary for a complete understanding of the instant case. Gary Jarvie, a security guard on duty for Ernie Haire Ford, observed a silver-colored vehicle drive into the parking lot and stop in front of the Winn-Dixie store across Florida Avenue at approximately 1:40 a.m. Jarvie had seen the same car about one-half hour earlier going up and down the street between the two businesses. A black man with a crowbar in his hand exited the car, pried open one of the Winn-Dixie doors, entered, and began putting something into white garbage bags. The vehicle, which had left the scene while the prying took place but returned about thirty seconds before the police arrived, departed from the premises again. Police arrested Scott at the scene, confiscated two garbage bags filled with cartons of cigarettes, and placed a radio alert for the vehicle.
In response to the alert, a police officer initiated a traffic stop of a car and driver which fit the description given and which appeared to be leaving the burglary scene. Appellant, driver of the vehicle, jumped out of the car, asked why he had been stopped, and then stated that he was "just going out for some milk." When witness Jarvie arrived and identified appellant and his vehicle as the ones he had seen at the Winn-Dixie, appellant was arrested. The vehicle, an Oldsmobile, had a single trunk key inserted into the lock, a rope tied on the inside of the trunk hanging outside, and clear windows.
At trial Jarvie testified repeatedly that the car he had seen was a large silver Continental or Cadillac with tinted windows driven by a black man. Furthermore, he testified that because the parking lot was unlit and the vehicle windows were tinted, he could not say for sure that appellant's vehicle or appellant was the same vehicle and driver he saw in front of the Winn-Dixie store.
At the close of the state's case-in-chief, defense counsel moved for a judgment of acquittal based in part upon the ground that no evidence had been presented to indicate appellant's involvement beyond his alleged presence at the scene. The trial court denied the motion.
Although the automobile appellant was driving arguably fits the description of the vehicle which dropped off Scott at the Winn-Dixie, and appellant exhibited somewhat questionable behavior when stopped by the police, we agree with defense counsel's argument that there was no evidence of any relationship between appellant and Scott to indicate that appellant knew Scott, *1038 was aware of Scott's activities, or did something, other than merely being present in the vicinity, by which appellant intended to help commit the burglary.
In order for one to be guilty of a crime physically committed by another, he must not only have the conscious intent that the criminal act be committed, but he must also do some act to assist the other person to actually commit the crime. Ryals v. State, 112 Fla. 4, 150 So. 132 (1933); Chaudoin v. State, 362 So.2d 398 (Fla. 2d DCA 1978). Mere knowledge that an offense is being committed is not the same as participation with criminal intent, and mere presence at the scene, including driving the perpetrator to and from the scene or a display of questionable behavior after the fact, is not sufficient to establish participation. Interest of R.W.G. v. State, 395 So.2d 1279 (Fla. 2d DCA 1981); Pack v. State, 381 So.2d 1199 (Fla. 2d DCA 1980); G.C. v. State, 407 So.2d 639 (Fla. 3d DCA 1981).
Where two or more inferences in regard to the existence of criminal intent and criminal acts must be drawn from the evidence and then pyramided to prove the offense charged, the evidence lacks the conclusive nature to support the conviction. Gustine v. State, 86 Fla. 24, 97 So. 207 (1923); Chaudoin at 402; G.C. at 640. Perez v. State, 390 So.2d 85 (Fla. 3d DCA 1980); Stuckey v. State, 414 So.2d 1160 (Fla. 3d DCA 1981). In the case sub judice, four inferences had to be made from the circumstances and evidence presented, namely that (1) the car appellant was driving was in fact the car that dropped off Scott; (2) appellant was the person driving the car when Scott was dropped off; (3) appellant knew when he drove the car to the Winn-Dixie and dropped off Scott that Scott intended to burglarize the store; and (4) appellant's intention was to actively assist Scott in the burglary and/or share in the benefit. Because these inferences had to be combined and pyramided for one to conclude that appellant was guilty of burglary and theft, they are insufficient to support his convictions as a principle.
Finally, although it appears from the allegations and the police officer's testimony that appellant was identified to the police, our review of the record produced at trial indicates that appellant was never identified by Jarvie as the driver of the vehicle. Rather, Jarvie's identification of appellant and the vehicle was ambivalent. As there was nothing truly to connect appellant with the crime or to exclude his reasonable hypothesis of innocence, we hold that appellant's alleged behavior on the night Scott attempted to burglarize the Winn-Dixie provides insufficient evidence to sustain appellant's convictions and those convictions are, therefore, reversed. This case is remanded with directions to the trial court to discharge appellant.
REVERSED and REMANDED.
HOBSON, A.C.J., and DANAHY, J., concur.