SCHWARTZ, Chief Judge.
Once again, we consider and are forced to reverse an adjudication that the accused was guilty of aiding and abetting the substantive offense which was the sole charge asserted and as to which the evidence is simply insufficient to establish the necessary elements of that claim.[1] E.g., J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 209 (Fla.1980).
The respondent, a seventeen-year-old female, was charged with robbery and adjudicated delinquent on that ground. Since she had no part in the actual offense — the mugging of a patron as he emerged from a bar in Miami — which was actively committed by two young men, it was contended only that she had aided and abetted their crime. E.g., D.M. v. State, 394 So.2d 520 (Fla. 3d DCA 1981); P.R. v. State, 389 So.2d 1078 (Fla. 3d DCA 1980). In this regard, although E.H. drove one of the robbers to the scene of the crime and picked them both up afterwards, these naked facts are plainly circumstantially insufficient, even absent her uncontradicted denial from the witness stand that she had any previous knowledge of the crime,[2] to establish the guilty intent which is indis-pensible to such a charge. J.H. v. State, supra; Davis v. State, 436 So.2d 196 (Fla. 4th DCA 1983), rev. denied, 444 So.2d 418 (Fla.1984), and eases cited; Perez v. State, 390 So.2d 85 (Fla. 3d DCA 1980); Pack v. State, 381 So.2d 1199 (Fla. 2d DCA 1980); Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972); Douglas v. State, 214 So.2d 653 (Fla. 3d DCA 1968). The state argues, however, that this element is supplied by proof that, after the actual offenders entered the car,[3] it was deliberately driven toward both the victim and a security guard who had come to his assistance. But this inference was, in turn, entirely dissipated by E.H.’s testimony, again unchallenged in any way, that this had occurred only because one of the offenders had grabbed the steering wheel from her hands and steered the vehicle towards the men. Since this version of the incident was neither unreasonable nor contradicted[4] by direct evidence, it must be accepted, McArthur v. State, 351 So.2d 972 (Fla.1977); J.A.L. v. State, 409 So.2d 70 (Fla. 3d DCA 1982), leaving nothing to support the adjudication. It is therefore
Reversed.

. It may also be another of the almost equally large number of cases in which, as we have already pointed out with no discernible effect in A.Y.G. v. State, 414 So.2d 1158 (Fla. 3d DCA 1982), the prosecutorial difficulty could have been, but unaccountably was not obviated by the simple expedient of charging the defendant or respondent as an accessory after, rather than as a principal of the crime itself.

. As in J.H., this was corroborated by the fact that when the three were apprehended soon after the robbery, E.H. did not attempt to escape and said she had not done so because she had done nothing wrong.

. Although the state's brief claimed that there was evidence that the incident had taken place when E.H. was alone in the vehicle, it commendably conceded at oral argument that this was not the case.

. Indeed, her statement was buttressed by the fact that, after missing the victim and the guard, the car crashed into the wall of the cocktail lounge.