DELL, Judge.
Gilberto Lopez appeals from his convictions for trafficking in cocaine and conspiracy to traffic in cocaine in excess of four hundred grams. He raises four points on appeal. We need only address appellant’s first two points in which he claims that the state failed, as a matter of law, to present sufficient evidence to sustain his conviction. We agree and reverse.
The police received information that, at approximately 10:00 P.M., a large cocaine deal would occur at a certain address on Florida Avenue in West Palm Beach, Florida. Police officers set up surveillance. At approximately 12:00 o’clock, midnight, a vehicle occupied by two males arrived at the residence. One of the males entered the building. At 12:20 A.M., a second vehicle occupied by appellant and a passenger arrived at the residence. At 12:30 A.M., the first vehicle left the scene. The police officers stopped the vehicle. A search of the occupants in the first vehicle revealed that the passenger had a package which contained 470 grams of cocaine hidden under his jacket. At 12:48 A.M., the vehicle operated by appellant left the scene. One of the officers ordered the vehicle stopped because “it was probably carrying cocaine.” When a marked police cruiser approached the vehicle, appellant attempted to elude the officers. When the chase stopped at the end of a dead-end street, the passenger fled on foot. The police searched appellant and the vehicle but found no contraband, money or weapons. In tracing the path of the fleeing passenger, an officer found a clear plastic bag containing 74.7 grams of cocaine, a loaded gun and approximately $19,500 in currency.
The state tried appellant with the passenger in the first vehicle. The code-fendant testified that he had arranged the deal and that to his knowledge, appellant was not part of it. He indicated that he first met appellant some three months after his arrest. The record does not contain evidence showing that appellant or his passenger left the vehicle at the residence or that appellant had any communications with his passenger or anyone else concerning the 470 grams of cocaine allegedly involved in the transaction. In short, the record simply does not contain evidence linking appellant to the 470 grams of cocaine found in the possession of the passenger in the first vehicle, nor does it contain evidence that appellant conspired to traffic in cocaine with the occupants of the first vehicle. Flight alone is not sufficient to establish his guilt. See Whitfield v. State, 452 So.2d 548, 550 (Fla.1984). See also Stuckey v. State, 414 So.2d 1160 (Fla. 3d DCA 1982).
We reject appellee’s argument that the record contains sufficient evidence for a jury to find that appellant had constructive possession of any cocaine or that appellant acted as an aider and abettor or alternatively as an accessory after-the-fact to the crime of trafficking in cocaine. See Davis v. State, 436 So.2d 196, 200 (Fla. 4th DCA 1983) (defendant may not be convicted as an accessory after-the-fact where that crime was not charged). Accordingly, we hold that the trial court erred when it failed to grant appellant’s motion for judgment of acquittal and we reverse his convictions of trafficking in cocaine and conspiracy to traffic in cocaine in excess of four hundred grams.
REVERSED.
LETTS and WALDEN, JJ., concur.