ALLEN, J.
The appellant challenges a juvenile disposition order by which adjudication of delinquency was withheld following a finding that the appellant had committed the offenses of battery and tampering with a witness. We reverse the order in part because the prosecution presented insufficient evidence to support a finding that the appellant tampered with a witness.
The appellant battered the victim on the day after the victim had reported to his high school dean that the appellant’s cousin had punched the victim in the face. At some time after he spoke with the dean, the victim also separately told a deputy sheriff about the first beating. When the appellant struck the victim, he stated, “This is for telling on my cousin.” The prosecution relied upon this evidence to prove that the appellant battered the victim with the intent to cause or induce him to withhold evidence from an official investigation or official proceeding, contrary to section 914.22(1), Florida Statutes, a subsection of the witness tampering statute. But this evidence was legally insufficient to support a finding that the appellant tampered with a witness.
An “official investigation” under the witness tampering statute includes “any investigation instituted by a law enforcement agency,” see § 914.21(3), Fla. Stat., but it does not include an investigation by school personnel. The deputy could not recall whether he had spoken with or arrested the appellant’s cousin before the second beating occurred. And any suggestion as to whether the appellant even knew that the victim had spoken with the deputy prior to the time of the second beating was necessarily drawn by inference from the appellant’s actions and words in connection with the second beating. In order to find the appellant guilty of witness tampering the trial court was required to infer (1) that the appellant’s actions and words in connection with the second beating re-fleeted that the appellant then knew that the victim had already spoken with the deputy (as opposed to merely the dean), (2) that the appellant knew that the conversation with the deputy would lead to an official investigation (as opposed to an investigation by school officials), and (3) that the appellant therefore battered the victim so that the victim would not provide further assistance in the investigation or a subsequent prosecution. Such stacking of inference upon inference will not support a finding of guilt. See Hall v. State, 500 So.2d 661 (Fla. 1st DCA 1986).
Further, none of the evidence was inconsistent with the appellant’s reasonable hypothesis of innocence that he had beaten the victim in simple retaliation against the victim for his having reported the first beating to the school dean. See State v. Law, 559 So.2d 187 (Fla.1989).
Because the prosecution presented insufficient evidence to establish the crime of witness tampering, the trial court should have granted the appellant’s motion for judgment of dismissal as to that count. The order is therefore reversed to the extent that it reflects a finding of guilt of the crime of witness tampering. In light of this, the disposition is also vacated and this case is remanded to the trial court for disposition on the battery count only.
JOANOS and KAHN, JJ., CONCUR.