222 So.2d 435 (1969)
Norman NEWKIRK, Appellant,
v.
The STATE of Florida, Appellee.
No. 68-1092.
District Court of Appeal of Florida. Third District.
May 6, 1969.
*436 Robert L. Koeppel, Public Defender, and Gregory B. Hoppenstand, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
PER CURIAM.
The appellant was charged by an information with the crime of robbery, under § 813.011 Fla. Stat., F.S.A. On trial before the court he was adjudged guilty of the offense prescribed in § 776.03 Fla. Stat., F.S.A., of accessory after the fact, from which he has taken this appeal.
The appellant argues, and the state concedes, that Brown v. State, Fla. 1968, 206 So.2d 377, and Douglas v. State, Fla.App. 1968, 214 So.2d 653, show it was not proper to adjudge the defendant guilty of accessory after the fact in this case. That crime is a separate offense, and not a lesser included offense of robbery. The information did not allege facts constituting that separate offense.
We reject the request of the state that a new trial be ordered in this cause on the crime of accessory after the fact, because, as we have stated above, that crime is separate from robbery and was not included in the information. Our ruling in this case does not operate to absolve the appellant of the crime of accessory after the fact with reference to this transaction, and is without prejudice to the state to institute further proceedings relating to that offense, as it may be advised.
Accordingly, the judgment entered in this cause, of guilt of the crime of accessory after the fact, is reversed with direction to the trial court to discharge the defendant of the alleged offense of robbery, of which he was not found guilty.
Reversed with directions.