PER CURIAM.
The appellant was informed against in the Criminal Court of Record upon the charge of robbery. He was convicted as an accessory after the fact. The State concedes with commendable candor[1] that the conviction should be reversed upon the following authorities: Brown v. State, Fla. 1968, 206 So.2d 377; Douglas v. State, Fla. App.1968, 214 So.2d 653, but submits that the reversal of the conviction should be without prejudice to file a new information charging the appellant as an accessory. We concur and reverse the conviction and sentence here under review, with directions to discharge the appellant, which reversal is without prejudice to the State to proceed with further proceedings not inconsistent herewith. See: Newkirk v. State, Fla.App.1969, 222 So.2d 435 (opinion filed May 6, 1969).
Reversed and remanded with directions.

. Upon a review of the record and determining such, this court, pursuant to its authority under Rule 3.10, subd. e, F.A.R., 32 F.S.A., removed the case from the oral argument calendar.