COMMONWEALTH *vs.* PAUL R. BERRYMAN.

Worcester. February 2, 1971. — April 1, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, SPIEGEL, & BRAUCHER, JJ.

*Practice, Criminal,* Defendant's consent to procedure. *Constitutional Law,* Double jeopardy, Due process of law. *Error,* Whether error harmful.

At a trial arising out of a bank robbery, where it appeared that some indictments charged the defendant as principal and other indictments charged him as accessory after the fact, that at the close of the Commonwealth's case the defendant pleaded guilty to the accessory indictments and told the judge that he did not claim that his guilty pleas "in any way affect[ed] any of the other charges pending" against him, that the judge then accepted the guilty pleas without imposing sentence thereon, and that the indictments of the defendant as principal were then submitted to the jury and upon the return of verdicts of guilty sentences were imposed on both the indictments as principal and those as accessory, all without objection or exception by the defendant's counsel, it was held that the defendant's consent to the procedure precluded him from complaining of it, and that in the circumstances there was no error. [129–130]

The double jeopardy clause of the Fifth Amendment to the United States Constitution was inapplicable to aid a defendant who was convicted at one trial upon indictments charging him as principal in a bank robbery

and upon other indictments charging him as accessory after the fact to that robbery, and who was sentenced at one time on each indictment, the sentences to run concurrently. [130-131]

No deprivation of due process of law under the Fourteenth Amendment to the United States Constitution, or harmful error, appeared as to a defendant who was convicted under multiple indictments charging offences arising out of a robbery of four bank employees where each indictment alleged a separate and distinct offence, and all sentences imposed were to run concurrently. [131]

INDICTMENTS found and returned in the Superior Court on January 6, 1966.

The cases were tried together before *DeSaulnier, J.*

*H. Hoover Garabedian (Alfred P. Farese* with him) for the defendant.

*Stanley J. Jablonski,* Assistant District Attorney, for the Commonwealth.

SPALDING, J. These are appeals under G. L. c. 278, §§ 33A–33G, from convictions on various indictments arising out of an alleged bank robbery.

There was evidence at the trial from which the jury could find that the defendant and another, while armed, robbed the Worcester County National Bank and placed four of its employees in fear. There was also evidence that the two robbers made their escape in a stolen automobile with stolen plates. Berryman's codefendant pleaded guilty on all indictments during the trial. At the close of the Commonwealth's case, Berryman presented motions for directed verdicts which were denied. He then pleaded guilty to four indictments charging him with being an accessory after the fact. These pleas were accepted by the judge. The case was then sent to the jury on the other indictments. The jury found the defendant guilty on all but five indictments, four of these charging him with being an accessory before the fact. The defendant thereupon was sentenced on each indictment, the sentences to run concurrently. The longest was not less than fifteen nor more than eighteen years. On the guilty plea to the four indictments on accessory after the fact, he received a sentence of five to six years on each, to be served concurrently with the sentences on the other

indictments.   The sentences were imposed at the same time as the other sentences.   On appeal the Appellate Division of the Superior Court determined that the defendant's sentence of two and one-half to three years for larceny should run on and after the fifteen to eighteen year concurrent sentences, and placed the four sentences for accessory after the fact "On File."

1. Relying on *Commonwealth* v. *Haskins*, 128 Mass. 60, the defendant contends that the jury verdicts should be set aside as inconsistent with the prior guilty pleas.   In that case we held that where defendants were found guilty by a jury of both stealing property and receiving the same stolen property, no judgment can properly be entered on the verdict and a mistrial must be declared.   The court reasoned: "It is certain that the defendants could not be guilty upon both counts, because in law the guilty receiver of stolen goods cannot himself be the thief; nor can the thief be guilty of a crime of receiving stolen goods which he himself had stolen."   Page 61.   Likewise, under our law one cannot be both a principal in a crime and an accessory after the fact to the same crime.   See G. L. c. 274, § 4.   Therefore, had the jury returned verdicts of guilty of being both a principal and an accessory after the fact, the *Haskins* case would require that these verdicts be set aside.   See *Commonwealth* v. *Scott*, 355 Mass. 471, 475.   The case at bar, however, is readily distinguishable.   The jury verdicts here were internally consistent.   The only question raised is whether the judge should have allowed the jury to consider the indictments charging the defendant as principal after he accepted the defendant's plea of guilty to accessory after the fact.   The transcript discloses the following exchange between the judge and the defendant before the guilty plea was accepted.   THE JUDGE: "Has anyone made you any promises about anything being done for you in the event that you pleaded guilty to these [accessory after the fact indictments]?"   THE DEFENDANT: "No, sir."   THE JUDGE: "Four charges?   Have you discussed this with your lawyer, . . . and with his counsel, you are doing this?"   THE DE-

Commonwealth *v.* Berryman.

FENDANT: "Yes." THE JUDGE: "*You do not claim that this plea of yours to these four indictments in any way affects any of the other charges pending before you?*" (emphasis supplied). THE DEFENDANT: "*No, sir*" (emphasis supplied). THE JUDGE: "All right."

The defendant was not sentenced on the accessory after the fact pleas at this time, but only after the jury had brought in their verdicts on the other indictments. The record does not disclose any objection, exception or motion by the defendant's counsel to the judge's acceptance of the guilty pleas, the submission of the remaining indictments to the jury, or sentencing the defendant. Without such objection and exception the defendant must be deemed to have consented to this procedure and cannot now be heard to complain of it. See *Commonwealth* v. *Chester*, 337 Mass. 702, 703. Whether his intent was an attempt to convince the jury by his guilty plea to the lesser charge that this was the extent of his involvement with the robbery, or to employ a ruse to prevent the court from submitting the other indictments to the jury, the defendant voluntarily took the risks involved in this maneuver. "A criminal prosecution is more than a game . . . ."[1] The judge did not err in the circumstances in submitting the remaining indictments to the jury, in accepting their verdicts, or in sentencing in accordance with them.

2. The defendant argues that he has been placed in double jeopardy in violation of the Fifth Amendment to the United States Constitution. That this amendment is applicable to the States by reason of the Fourteenth Amendment is not to be doubted. *Benton* v. *Maryland*, 395 U. S. 784. The double jeopardy doctrine, however, has no application here. The prohibition is against allowing one "for the *same offence* to be *twice* put in *jeopardy* of life or limb" (emphasis supplied). Since under our laws being an accessory after the fact is distinct from being a principal, there was no double jeopardy here. *Commonwealth* v. *DiStasio*,

---

[1] Per Stone, J., in *McGuire* v. *United States*, 273 U. S. 95, 99.

297 Mass. 347, 356–358. (As to inconsistency of verdicts, we refer to our discussion in point one of this opinion.) Also, there was only one trial, and all sentences on the accessory indictments were to run concurrently with the sentences for the principal crimes. *Hirabayashi* v. *United States*, 320 U. S. 81, 105.[2]

3. The defendant's final argument is confused, but appears to be that he was denied due process of law under the Fourteenth Amendment to the United States Constitution by being indicted in seventeen different counts for essentially the same offence. We are of opinion that this contention is without merit. Each indictment alleged a separate and distinct offence on which the jury could have found him guilty or innocent. *Commonwealth* v. *Sullivan*, 104 Mass. 552, 553. *Commonwealth* v. *Ries*, 337 Mass. 565. *Commonwealth* v. *DeVincent*, 358 Mass. 592, 594–595. *Gore* v. *United States*, 357 U. S. 386. Even if we were of opinion that the Commonwealth was precluded from prosecuting the defendant under multiple indictments, simply because there were four bank employees robbed, this would be rendered harmless by reason of the concurrent sentences. *Hirabayashi* v. *United States*, 320 U. S. 81, 105.

*Judgments affirmed.*

---

[2] The defendant, as noted, appealed all sentences to the Appellate Division of the Superior Court under G. L. c. 278, §§ 28A–28D. The Appellate Division substituted for the sentence imposed in each accessory after the fact case the following disposition: "On File." Contrary to the Commonwealth's contention, this action does not render the question of double jeopardy academic, since this disposition does not foreclose future sentencing under the accessory charges. See *Commonwealth* v. *Dowdican's Bail*, 115 Mass. 133, 136, which holds that it is ",within the power of the court at any time, upon the motion of either party, to bring the case [placed on file] forward and pass any lawful order or judgment therein."