COMMONWEALTH *vs.* ANDRE C. PERRYMAN. October 5, 1979. 1. The defendant claims error in the exclusion of a photograph of him taken on the day after the crime which shows him beardless. There was no abuse of discretion. Compare *Commonwealth* v. *Sampson*, 7 Mass. App. Ct. 514, 522 (1979). Furthermore, the question immediately following the exclusion elicited testimony that the defendant had no beard when seen by the police on that day.

2. There was no error in the denial of the defendant's motion for a mistrial made after counsel for a codefendant had asked a question of a police witness, the answer to which could have been improper and prejudicial to the defendant. The judge had sustained the defendant's objection to the question, and no answer was given. See *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 413 (1978). There is no certainty that the prosecutor's statement, "I don't object," was flippant, and, in any event, we cannot see that it could have prejudiced the defendant to an extent which would require reversal.

3. The defendant argues that photographs of the interior of the store where the crime took place, which showed stains that might have been blood, were inflammatory. There was no abuse of discretion in the admission of these photographs in evidence. See *Commonwealth* v. *Bys*, 370 Mass. 350, 360-361 (1976).

4. The defendant argues that the judge erred in failing to give instructions as requested. The requested instructions have not been made a part of the record, making the defendant's brief on this matter meaningless. The Commonwealth has, however, appended a copy of the requested instructions to its brief. Out of an abundance of caution we have compared the requests with the charge as given and find that the substance of each of the requests was given. The defendant was entitled to no more. *Commonwealth* v. *Harris*, 376 Mass. 201, 208 (1978).

5. The defendant took no exception to the judge's inclusion of a reference to felony murder in his charge on the elements of assault with intent to murder. Thus, the defendant has no right to appellate review of the issue. Moreover, we discern no risk of a miscarriage of justice. *Commonwealth* v. *Fitzgerald, supra* at 416.

6. The defendant had developed through a police witness that a "neutron activation test" had been made on the defendant's hand to determine whether he had recently fired a pistol and that a report of the test results had been received from the Alcohol, Tobacco and Firearms Bureau in Washington, D.C. In response to the defendant's question the witness had stated that the results of the test were "inconclusive." Once the subject of the test had been "opened up" by the

defendant, the admission of the report itself, offered by the prosecutor, was within the judge's discretion. *Commonwealth* v. *Watson*, 377 Mass. 814, 828 (1979). Compare *Commonwealth* v. *Taylor*, 327 Mass. 641-648-649 (1951). Moreover, the report revealed nothing of note that the jury had not already heard.

7. We have read the prosecutor's closing argument to the jury (part of which was objected to by the defendant) and find nothing improper in it.

8. The defendant's motion for a mistrial based on unspecified statements made by a codefendant's counsel in his closing argument on the previous day, to which no objection was made, was denied as offered too late. This was clearly a matter within the judge's discretion. See *Commonwealth* v. *Johnson*, 374 Mass. 453, 457-459 (1978).

9. Finally, the defendant, without citation of any authority other than G. L. c. 278, § 33E (which, of course, does not apply to noncapital cases), asks us to apply "the cumulative error doctrine" which, he argues, is "that although errors looked at singularly are harmless, there nevertheless occurs a compounding effect, such as occurred at the case at bar, and the defendant is denied a fair trial." We do not comment on the concept stated, as there has been no showing of any such errors.

*Judgments affirmed.*

*Arthur D. Serota* for the defendant.

*Dianne M. Dillon*, Assistant District Attorney, for the Commonwealth.