COMMONWEALTH
vs.
Guy H. LEVIA

No. 88459,
88460

Superior Court Department
Trial Court of the
Commonwealth of Massachusetts
Worcester County

February 6, 1981

Michael Monopli for the plaintiff.
Martin Zajac, Joyce Wheeler Poulin for the defendant.

## MEMORANDUM DECISION AND REPORT

HALLISEY, J. On or about November 21, 1980, defendant filed a motion to correct sentence imposed upon him on June 19, 1979, consisting of two consecutive ten-year sentences based on an episode of armed robbery of the Cumberland Farms Store in Northbridge on February 24, 1979, in which money of Cumberland Farms was taken from two employees, some from the pocket of the attendant of the gas pumps, and some from the cash register of the salesperson in the store.

Passing the timeliness of the motion as a motion to revise and revoke and the possibility of raising the same question by habeas corpus or otherwise, defendant asserts that consecutive sentences were illegal since there was but one robbery of the property of one entity.

### Issue:

The issue here is whether a criminal defendant, who in the process of robbing a store takes money from two different store employees, can be consecutively sentenced on two counts of armed robbery.

### Decision:

This appears to be a case of first impression in Massachusetts. Cases in other jurisdictions reach conflicting results in addressing this issue. The majority view is that

offenses committed against more than one person during a single criminal transaction may be separately charged. An emerging trend, however, treats the robbery of an employer's property from more than one employee as a single criminal act. The undersigned is of the opinion that the majority view is correct, and denies the motion.

## Discussion:

The defendant submits that since the taking of money from two store employees constituted a single criminal impulse, and all of the money belonged to one entity (the store), only one crime has been committed. The Commonwealth, on the other hand, contends that the central element of the crime of robbery is not the taking of property but the exertion of force against the victim. Since two victims were put in fear, the Commonwealth argues that each has been robbed, regardless of who had title to the property taken.

General Laws c. 265, § 17 defines armed robbery as follows:

Whoever being armed with a dangerous weapon assaults another and robs, steals or takes from his person money or other property which may be the subject of a larceny shall be punished by imprisonment in a state prison. . . .

It should be noted that this definition is found under the heading of the General Laws entitled "Crimes against the person".

General Laws c. 277, § 39 defines robbery as "the taking and carrying away of the personal property of another from his person, against his will, by violence or by assault and putting in fear, with the intent to steal."

Thus, robbery has elements which liken it to other crimes against property such as larceny, but it also contains elements similar to those found in crimes against people, such as assault.

This perhaps explains the difficulty that courts have had in determining whether the view in the majority of jurisdictions, that "in crimes of violence, or against a person, a single act has been held to constitute a separate offense against each person injured by the act, although there may be one intent," C. J.S., § 9(2), applies to robbery.

The states which adhere to this principle, that where crimes against the person are concerned there are as many crimes as there are persons involved, include California, the District of Columbia, Arizona, Missouri, Illinois, Kansas, Kentucky, New Jersey, Ohio, Oklahoma, and Oregon. This issue was raised in some cases as a double jeopardy argument, and in other instances as a challenge to consecutive sentences on separate indictments.

A review of some of the cases involving robbery specifically, reveals the inconsistency in this area. In **People v. Pond,** 337 P.2d 877 (CA. 1959), the defendant ordered three men to take out their wallets and throw them on the floor, and the Court held that three robberies occurred. In **People v. Longomarsino,** 217 P.2d 124 (1950), another California case, a defendant who robbed three customers of one establishment was found to have committed three crimes despite his argument that there was but one criminal intent. The Court observed that the law in this area is fraught with confusion, stating that "an examination of the cases and pertinent authorities indicates that on the general question the states of the United States are in hopeless conflict", 217 P.2d 124, 128.

In **State v. Hoag,** 122 A.2d 628 (N.Y. 1956), the robbery of two customers at a bar were separate offenses, as they were in **State v. Miller,** 190 S.E. 2d 722 (1972), where two persons were robbed in one house. In **Barranger v. United States,** 399 F.2d 557 (1968), **cert. denied,** 393 U.S. 1056 (1969), the Court indicates that the key to an analysis of how many crimes have been committed in the course of a single criminal transaction is to look at the legislative purpose of the specific statute under question. In that case, the Court held that the robbery statute was intended to protect individual citizens from being robbed, so that logically there should be as many crimes as there are victims. Coming down on the other side of this issue are the states of Alabama, Iowa, Tennessee and Texas. There are also many states which, like Massachusetts, have yet to make a definitive statement in this area.

A recent line of federal cases decided

under the Federal Bank Robbery Act, 18 U.S.C. 2113, has held that where a bank robber takes money from a number of individual tellers, this is but one robbery. The rationale for this holding is based upon the legislative intent of the Act, which was to punish bank robbery, rather than the robbery of persons employed by the bank. United States v. Fleming, 504 F.2d 1045 (7th Cir. 1974); United States v. Canty, 469 F.2d 114 (D.D.C. 1972); See, dicta in United States v. Marzano, 537 F.2d 257 (7th Cir. 1976), cert. denied, 429 U.S. 1038 (1976).

Perhaps in response to this series of cases under the Bank Robbery Act, some jurisdictions have held that in situations such as the one presented by the instant case, wherein a defendant robs the property of a store from more than one store employee, a single robbery has occured. In Rogers v. State, 369 N.E.2d 348 (Ind. 1979), the defendant and an accomplice entered a market and took money belonging to the store from each of two employees. The Court held that one count of robbery, and not two, was appropriate. A similar result was reached by the Indiana court in Williams v. State, 395 N.E. 2d 348 (1979), a case involving individual bank tellers but not decided under the Federal Bank Robbery Act. In State v. Potter, 204 S.E. 2d 649 (N.C. 1974), the North Carolina Court found that where a defendant entered a market and forced two cashiers to empty their cash registers, this constituted a single robbery not withstanding the fact that the statute was drafted in terms of endangering the life of a person. See also, State v. Ballard, 186 S.E. 2d 372 (N.C. 1972). In People v. Nicks, 319 N.E.2d 531 (1974), the Illinois Court reached the same result on similar facts. However in this case, the Court based its finding not upon the language of the Illinois statute but upon the fact that the goods taken belonged to a single employer. Illinois continues to hold that where more than one individual is robbed of his or her own property, this constitutes more than one crime.

The only federal cases not involving the Federal Bank Robbery Act which has reached this result is United States v. Alexander, 471 F.2d 923 (D.D.C. 1972), a case involving an assault collectively directed at a large group of people.

Massachusetts has set forth certain guidelines which may be somewhat helpful in analyzing whether more than one crime has been committed. For example, it has been settled that a single act may give rise to prosecutions under more than one criminal statute. Silverman v. United States, 59 F.2d 636 (1932); Commonwealth v. Catania, 1979 Mass. Adv. Sh. 233. Other tests look to whether the same evidence would prove each offense, Commonwealth v. Stewart, 1978 Mass. Adv. Sh. 1521, or whether the acts in question were the product of a single intent, Commonwealth v. Pina, 298 Mass. 83 (1966). In Commonwealth v. Berryman, 359 Mass. 127 (1971), the Supreme Judicial Court was confronted with a situation wherein a defendant had been indicted on seventeen separate counts of bank robbery for robbing each of seventeen different tellers, but deferred the question since the sentences were concurrent, rendering any error in the sentencing harmless. Compare, Commonwealth v. Winters, 1980 Mass. Adv. Sh. 685, 402 N.E.2d 1372; Richard v. Commonwealth, 1981 Mass. Adv. Sh. 127.

The question of whether the sentences imposed in the instant case are correct is an open one. In fact, some commentary has indicated that "no question has given rise to more difficulties or conflict." 22 C.J.S., § 298.

### Conclusion:

The undersigned is of the opinion that the majority rule is best, and that the critical factor is the putting of two people in fear.

### Decision:

The motion is DENIED.

### Report:

The question is novel, important, and determinative of the legality of defendant's second consecutive sentence. Consequently, I report it to the Appeals Court pursuant to Mass. R. Civ. P. 64 and G.L. c. 231, § 111.

Robert J. Hallisey