414 So.2d 1158 (1982)
A.Y.G., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1583.
District Court of Appeal of Florida, Third District.
June 8, 1982.
Bennett H. Brummer, Public Defender, and Deborah Whisnant, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Theda R. James, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
This appeal presents the familiar problem of whether the juvenile's adjudication of delinquency for the crime of burglary is supported by sufficient circumstantial evidence to establish her intent to participate in the criminal activity. Finding that it is not, we reverse.
In the light most favorable to the state, the evidence established that A.Y.G. was seen in a vehicle parked behind a South Miami shopping center at four o'clock in the morning. Two male juveniles were observed hurriedly exiting the burglarized store, dropping items as they ran toward the automobile in which the appellant was seated. They quickly entered the passenger side of the vehicle and ordered A.Y.G. to drive away. She left the scene at a high speed. Observing officers gave pursuit, chasing the fleeing vehicle through two red lights before it crashed into a telephone pole and became disabled. The two males fled and the appellant was apprehended. She told arresting officers that one of the passengers had depressed the accelerator of the automobile and maneuvered the steering wheel. At trial, however, she testified that she had not been driving the vehicle.
Since there is no evidence that the juvenile actually entered the store, she may only be adjudicated of delinquency for burglary as an aider and abettor. Pack v. State, 381 So.2d 1199 (Fla. 2d DCA 1980); Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972). It is well established that to be *1159 convicted as an aider and abettor, the state must show an intent to participate in the perpetration of the crime. J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 209 (Fla. 1980). Where there is no direct evidence of intent, the circumstantial evidence relied upon to show such an intent must be such as to preclude every reasonable inference that the defendant did not intend to participate in the criminal activity. K.W.U. v. State, 367 So.2d 647 (Fla. 3d DCA), cert. denied, 378 So.2d 349 (Fla. 1979).
Evidence that the defendant was present at the scene of the crime and drove the "getaway" car at the request of the perpetrator of the burglary does not exclude the reasonable inference that the defendant had no knowledge of the crime until after it occurred; thus, she did not have the requisite intent. J.H. v. State, supra; Douglas v. State, 214 So.2d 653 (Fla. 3d DCA 1968). Although A.Y.G.'s flight from the police may have been strong evidence that she was an accessory after the fact, she cannot be convicted as an accessory after the fact where that crime was not charged. Newkirk v. State, 222 So.2d 435 (Fla. 3d DCA 1969); Douglas v. State, supra.
This case graphically demonstrates the desirability and the necessity in this type of situation for the State Attorney to charge the defendant not only as a principal under Section 777.011, Florida Statutes (1979) but, in the alternative, as an accessory after the fact pursuant to Section 777.03, Florida Statutes (1979). Had the state done so in this case, the needless expenditure of time and effort would have been avoided.
For the foregoing reasons, the juvenile's adjudication of delinquency is reversed.