519 So.2d 622 (1988)
Susan STATEN, Petitioner,
v.
STATE of Florida, Respondent.
No. 69899.
Supreme Court of Florida.
February 4, 1988.
*623 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer and John T. Kilcrease, Jr., Asst. Public Defenders, Tenth Judicial Circuit, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., and Theda R. James and Erica M. Raffel, Asst. Attys. Gen., Tampa, for respondent.
BARKETT, Justice.
We have for review Staten v. State, 500 So.2d 297 (Fla. 2d DCA 1986), which conflicts with Maquiera v. State, 494 So.2d 292 (Fla. 3d DCA 1986). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The issue is whether petitioner was improperly adjudicated and sentenced as a principal and as an accessory after the fact based on the same criminal act. We find that petitioner was improperly sentenced because a defendant cannot be both a principal and an accessory after the fact to the same criminal offense. In this case, the jury properly found petitioner guilty as a principal. We therefore remand to the district court with instructions to vacate petitioner's convictions as an accessory after the fact.
According to the evidence at trial, petitioner and four others planned the robbery of a drug dealer. Three members of the group robbed and fatally shot the drug dealer and wounded a bystander while petitioner and her other companion remained in the car. Petitioner then drove them to her mother's house and the group dispersed.
Petitioner was convicted by a jury of second-degree murder, armed robbery, aggravated battery, and three counts of accessory *624 after the fact. She was sentenced outside the guidelines to a total of 213 years imprisonment  ninety-nine years each for the murder and armed robbery convictions, and fifteen years for the aggravated battery. She was also sentenced to five years each for the accessory counts to be served concurrently with each other and the aggravated battery sentence.
The Second District Court of Appeal affirmed petitioner's convictions but remanded for resentencing because some of the reasons for departure were invalid. Staten, 500 So.2d at 300.
First, we address petitioner's contention that the evidence at trial was insufficient to support her convictions as a principal. Under our law, both the actor and those who aid and abet in the commission of a crime are principals in the first degree. See § 777.011, Fla. Stat. (1985).[1]. In order to be guilty as a principal for a crime physically committed by another, one must intend that the crime be committed and do some act to assist the other person in actually committing the crime. Ryals v. State, 112 Fla. 4, 150 So. 132 (1933); Collins v. State, 438 So.2d 1036 (Fla. 2d DCA 1983); Chaudoin v. State, 362 So.2d 398 (Fla. 2d DCA 1978).
Clearly, the getaway driver who has prior knowledge of the criminal plan and is "waiting to help the robbers escape" falls into this category and is, therefore, a principal. Enmund v. State, 399 So.2d 1362, 1370 (Fla. 1981), rev'd on other grounds, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982); see Hornbeck v. State, 77 So.2d 876, 878-79 (Fla. 1955), and cases cited therein.
Petitioner argues that although the evidence clearly established that she knew a crime had been committed when she drove the car away, it did not establish beyond a reasonable doubt that she intended to participate in the crime prior to its perpetration. Petitioner cites Collins v. State, 438 So.2d 1036, 1038 (Fla. 2d DCA 1983), for the proposition that
[m]ere knowledge that an offense is being committed is not the same as participation with criminal intent, and mere presence at the scene, including driving the perpetrator to and from the scene or a display of questionable behavior after the fact, is not sufficient to establish participation.
We agree that this is a correct statement of the law but find it inapplicable here. In Collins, Scott and Collins were convicted of burglary of a Winn-Dixie store and grand theft. The issue was one of identity  whether Collins was the same person seen "casing" the store before the burglary, dropping off Scott, and returning to pick him up. (The pickup was thwarted by the arrival of the police.) When at trial, the sole eyewitness recanted his earlier identification of Collins, the only evidence linking Collins to Scott or to the crime was his presence at the scene and "questionable behavior" when stopped by the police.
In this case, however, there was direct testimony that petitioner was present on numerous occasions when the proposed robbery was planned. There was further discussion as the group, including petitioner, drove to the scene to execute the plan. Petitioner waited in the car across the street while the robbery and murder took place, and then drove the getaway car. From this combination of factors, the jury could legitimately infer that petitioner was a participant in the crime. See Stark v. State, 316 So.2d 586, 587 (Fla. 4th DCA 1975) (where state relies on aiding and abetting theory, it can prove intent either by showing aider and abettor had the requisite intent himself, or knew the principal had that intent), cert. denied, 328 So.2d 845 (Fla. 1976). Accordingly, we find the evidence amply supports petitioner's convictions as a principal.
*625 We turn now to whether petitioner can also be convicted as an accessory after the fact. We find that being a principal offender of any crime and being an accessory after the fact to the same crime are mutually exclusive. Our conclusion is dictated by common sense, the intent and purpose of Florida's accessory after the fact statute, and by the overwhelming weight of authority in other states.
Initially, we note that double jeopardy is not implicated here. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Morman v. State, 458 So.2d 88 (Fla. 5th DCA 1984); Newkirk v. State, 222 So.2d 435 (Fla. 3d DCA 1969). Nor does this case concern whether the legislature intended separate punishments for a single act that technically is proscribed by more than one statute. See Carawan v. State, 515 So.2d 161 (Fla. 1987).
Our decision in this case rests solely on our construction of the crime of being an accessory after the fact. Section 777.03, Florida Statutes (1985), defines an accessory after the fact as one who
maintains or assists the principal or accessory before the fact, or gives the offender any other aid, knowing that he had committed a felony or been accessory thereto before the fact, with intent that he shall avoid or escape detection, arrest, trial or punishment....
Whether stated as an essential element of the crime or merely as a black-letter rule, commentators agree that a principal cannot also become an accessory after the fact by his or her subsequent acts. 2 W. LaFave & A. Scott, Substantive Criminal Law § 6.9, at 169 (1986); R. Perkins & R. Boyce, Criminal Law § 8, at 749 (3d ed. 1982); 1 Wharton's Criminal Law § 33 (C.E. Torcia 14th ed. 1978); 22 C.J.S., Criminal Law § 95, at 275 (1961). Case authority supports this proposition. State v. Kittelson, 164 N.W.2d 157, 165 (Iowa 1969); Cooper v. State, 44 Md. App. 59, 407 A.2d 756, 759 (1979); Commonwealth v. Berryman, 359 Mass. 127, 129, 268 N.E.2d 354, 356 (1971); People v. Hartford, 159 Mich. App. 295, 299-300, 406 N.W.2d 276, 278 (1987); Crosby v. State, 179 Miss. 149, 159-60, 175 So. 180, 181 (1937); State v. Key, 411 S.W.2d 100, 103 (Mo. 1967); People v. Chadwick, 7 Utah 134, 138, 25 P. 737, 738 (1891). See also People v. Prado, 67 Cal. App.3d 267, 136 Cal. Rptr. 521 (1977) (rule of mutual exclusivity should apply absent exceptional factual circumstances). But see State v. Franks, 377 So.2d 1231, 1232 (La. 1979).
The courts that have offered a rationale for the rule have reasoned that the intent required to be an accessory and the intent required to be a principal are mutually exclusive. As the Prado court explained:
[W]hen an accused is convicted [as an accessory] . .. which necessarily requires that a principal have committed a specific completed felony and that he knowingly aided that principal with intent that the principal escape arrest, he cannot be convicted as a principal in that completed felony. His state of mind  the intent required to be an accessory after the fact  excludes that intent and state of mind required to be a principal. The requisite intent to be a principal in a robbery is to permanently deprive the owner of his property. Thus, this is a totally different and distinct state of mind from that of the accused whose intent is to aid the robber to escape. These are mutually exclusive states of mind and give rise to mutually exclusive offenses.
67 Cal. App.3d at 273, 136 Cal. Rptr. at 524.
The Hartford court reached the same conclusion:
The difference ... is that an aider and abettor knew about and intended to further the commission of the crime before it ended and did some act or gave some encouragement which helped in the commission. An accessory after the fact helped the person who committed the crime only after the crime had ended. .. . An accessory after the fact decides to help the principal only after the felony has been committed. It is impossible for one involved as a principal not to have known of the crime until after he had completed it.
*626 159 Mich. App. at 300-01, 406 N.W.2d at 278 (emphasis supplied).
We agree with the reasoning of these cases. An intent to aid in the escape of a known felon formed after the crime has been committed necessarily excludes any intent to aid or participate in the crime formed before or during its commission.
In addition, also allowing principals to be convicted as accessories after the fact could lead to illogical results. In this case, for example, by harboring the perpetrators in her mother's home or some other act of assistance,[2] petitioner could be subject to greater punishment than the actual perpetrators of the robbery and murder. Or, as the Hartford court hypothesized, the person who actually committed a murder could be treated less harshly than the person who provided the gun and destroyed it after the murder. 159 Mich. App. at 301, 406 N.W.2d at 279.
Reading section 777.011 against its common law background, we do not believe the legislature intended such a result. Although Florida has abolished the common law distinctions between principals, aiders and abettors, and accessories before the fact, accessory after the fact remains as a separate offense.[3] The accessory after the fact is no longer treated as a party to the crime but has come to be recognized as the actor in a separate and independent crime, obstruction of justice. 1 Wharton's Criminal Law, supra, § 35, at 182. At common law, all parties to a crime were equally guilty and subject to the same punishment. Under our modern codification, however, an accessory after the fact is guilty of a third-degree felony regardless of the gravity of the substantive offense committed. Thus, the culpability of the accessory after the fact is substantially different from that of a principal, reflecting an intent to punish as an accessory after the fact only those persons who have had no part in causing the felony itself but have merely hindered the due course of justice. See Perkins, supra, at 765.
In conclusion, we find the legislature intended section 777.03 to apply only to persons not principals in the underlying offense. Accordingly, we disapprove the decision below and remand to the district court to vacate petitioner's convictions as an accessory after the fact.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH and KOGAN, JJ., concur.
SHAW, J., concurs in result only.
NOTES
[1] Section 777.011 provides:

Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he is or is not actually or constructively present at the commission of such offense.
[2] Although failure to report a crime does not make one an accessory after the fact, any aid given to a known felon or misdemeanant with the intent to hinder his or her being apprehended, tried, or punished will qualify. See § 777.03, Fla. Stat. (1985).
[3] At common law, the terms "principal" and "accessory" merely expressed the relation of the party to the crime. A principal in the first degree was a person who physically committed the felonious act; a principal in the second degree was present when the felony was committed and aided and abetted its commission; an accessory before the fact was not present when the crime was committed but aided and abetted prior to its commission; an accessory after the fact was not present when the felony was committed but rendered aid afterwards to protect the felon or facilitate his escape.