554 So.2d 577 (1989)
W.B., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1663.
District Court of Appeal of Florida, Third District.
December 19, 1989.
*578 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Giselle D. Lylen, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and GERSTEN, JJ.
PER CURIAM.
This is an appeal from an adjudication of delinquency based on a finding that appellant aided and abetted in the theft of an automobile. We reverse.
The evidence in this case, taken in a light most favorable to the State reveals that appellant, W.B., while riding in his adult brother's car, heard his brother and another adult male discuss stealing a car. Appellant's brother drove to the location of the car to be stolen and appellant was present when the car was stolen. Appellant stood between the stolen car and his brother's car, although at no time did he touch the stolen car. During the time the car was being broken into, appellant hid from a passing car and appeared nervous. Once the stolen car was started, appellant reentered his brother's car and rode away with him. After a car chase and an accident, appellant ran away from the police officers giving chase but was apprehended.
There is no evidence appellant intended that the crime be committed or that he did some act to assist in the perpetration of the crime, therefore, he cannot be guilty as a principal for a crime physically committed by another. See Staten v. State, 519 So.2d 622 (Fla. 1988); T.J.T. v. State, 460 So.2d 508 (Fla. 3d DCA 1984); A.Y.G. v. State, 414 So.2d 1158 (Fla. 3d DCA 1982); G.C. v. State, 407 So.2d 639 (Fla. 3d DCA 1981).
Further, since there is no direct evidence of criminal intent, circumstantial evidence was relied upon to show such an intent. However, the circumstantial evidence in this case does not preclude every reasonable inference that appellant did not intend to participate in the criminal activity. See A.Y.G. v. State, 414 So.2d at 1159; K.W.U. v. State, 367 So.2d 647 (Fla. 3d DCA), cert. denied, 378 So.2d 349 (Fla. 1979).
Finally, this court has held that knowledge a crime is going to be committed, presence at the scene, or flight from the scene will not override the reasonable hypothesis that an accused did not intend to participate in the criminal activity. J.W. v. State, 467 So.2d 796 (Fla. 3d DCA 1985); G.C. v. State, 407 So.2d at 640; J.L.B. v. State, 396 So.2d 761 (Fla. 3d DCA 1981); J.H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 209 (Fla. 1980); J.O. v. State, 384 So.2d 966 (Fla. 3d DCA 1980).
Therefore, we find that the evidence adduced below does not rise to the level necessary to override the hypothesis that appellant did not intend to participate in the theft of the automobile. Reversed and remanded with instructions to discharge the juvenile.