677 So.2d 1299 (1996)
Terry M. JAMERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2177.
District Court of Appeal of Florida, Fourth District.
July 24, 1996.
Rehearing and Rehearing Denied August 23, 1996.
M. Ross Shulmister of Law Offices of M. Ross Shulmister, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied August 23, 1996.
PER CURIAM.
AFFIRMED.
GLICKSTEIN and SHAHOOD, JJ., concur.
PARIENTE, J., dissents with opinion.
PARIENTE, Judge, dissenting.
The victim, Luyen Nguyen, attended a party in Coral Springs and, after leaving the apartment building where the party was held, was beaten to death by a number of people who hit, kicked, beat and stomped him. He died from a broken neck caused by a blow which severed an artery to the brain. Seven individuals were charged with second-degree murder. We affirmed the conviction of defendant Bradley Mills, who was tried separately, in Mills v. State, 642 So.2d 15 (Fla. 4th DCA 1994). Co-defendants, Terry Michael Jamerson, Christopher Anderson and William Madalone, were tried together and separately appeal their convictions for second-degree murder, each claiming several points of error, including the assertion that there was insufficient evidence to establish that they intended to participate in the murder of the victim.
I agree with the majority that there is sufficient evidence from which the jury could have found each co-defendant guilty of second-degree murder by being involved in some aspect of a vicious and senseless beating of a defenseless human being. The foreseeable result of this mass attack was the tragic death of this young man. The fact that no one of these defendants delivered the final blow does not exonerate those who participated in the attack. Neither does the fact that each defendant may not have intended to kill the victim exonerate the defendant because second-degree murder is a general intent crime. On the other hand, being a participant in a fight does not per se render each participant liable for a death which results from the fight.
In my opinion, a reversal for a new trial is compelled because of an answer given by the trial court during the jury's deliberations to a question posed by the jury concerning the law of principals. The answer given by the trial court could have misled the jury to *1300 believe that an intention to participate in any criminal act was all that was required to convict a defendant of second-degree murder as a principal. This issue was raised by all defendants.
At the outset, it is important to understand that defendants were not charged with and the jury was not instructed on felony murder. All that is required for a felony murder conviction is that the defendant intended to participate in the underlying felony and did some act to assist in the commission of the underlying felony. See Lovette v. State, 636 So.2d 1304, 1306 (Fla.1994). For the jury to be instructed on felony murder in either the first, second or third-degree, the underlying felony must be one of the underlying predicate felonies. See § 782.04(1)(a),(3),(4), Fla. Stat. (1993). Here, the underlying felonies of battery or aggravated battery are not enumerated predicate felonies.
Rather, defendants were prosecuted under the law of principals under which both the actor and those who aid and abet in the commission of a crime are liable as principals in the first degree. See § 777.011, Fla.Stat. (1993); Staten v. State, 519 So.2d 622, 624 (Fla.1988). Our supreme court has stated that in order to be guilty as a principal for a crime physically committed by another, one must intend that the crime be committed and must do some act to assist another in actually committing the crime. Staten, 519 So.2d at 624.
The jury in this case was instructed in accordance with the Florida Standard Jury Instructions on principals in effect at the time of trial:
If two or more persons help each other commit a crime and the defendant is one of them, the defendant is a principal and must be treated as if he had done all of the things the other person or persons did if the defendant:
Number one, knew what was going to happen.

And, number two, intended to participate actively or by sharing in an expected benefit.
And number three, actually did something by which he intended to help commit the crime.
Help means to aid, plan or assist.
To be a principal, the defendant does not have to be present when the crime is committed.
(Emphasis supplied).
It was the phrase "knew what was going to happen" that caused the jury a problem in this case. During its deliberations, the jury focused on this phrase when it asked the following written question:
Regarding the principals clause in number one, in quotes, knew what was going to happen, unquote, do we interpret this to mean death/serious bodily injury or fight.
After a lengthy colloquy between defense counsel, the prosecutor and the trial court, during which time multiple solutions were proposed, the trial court gave the following answer to which all defendants objected:
All right. Members of the jury, the law of principals applies to the main accusation, second degree murder. It also applies to the lesser included offenses of manslaughter, aggravated battery and battery.
In answer to your specific question, quote, knew what was going to happen, unquote, that pertains to a criminal act. Knew what was going to happen pertains to a criminal act.

(Emphasis supplied). The answer unfortunately begs the question asked by the jury. I also find the answer to be confusing and one which could have potentially misled the jury to believe that if a defendant knew any criminal act was going to happen, then that defendant could be convicted of second-degree murder.
In my opinion, the trial court should have broken down its answer by specifically discussing each level of crime charged. As to second-degree murder, a proper answer could have stated that to be convicted of second-degree murder, the defendant need not have intended to cause death; rather, "knew what was going to happen" means that the defendant must have intended to participate in an act or acts imminently dangerous *1301 to another and evincing a depraved mind regardless of human life. See § 782.04(2), Fla.Stat. (1993). An alternate answer to the jury's question could have been to advise the jury that "knew what was going to happen" could mean a fight if the fight qualifies as a depraved-mind act as set forth in the instructions on second-degree murder.
While I agree that the answer given by the trial court could have misled the jury, I disagree with defendants' position that before being convicted of second-degree murder as a principal a defendant must have known that a murder was going to happen. Second-degree murder is a general intent crime and thus does not require proof of a premeditated design to effect the death of the person. See § 782.04(2). As explained in Wright v. State, 402 So.2d 493, 499 (Fla. 3d DCA 1981), a person who aids and abets another to commit murder must have the state of mind required for the homicide or must know that the person aided had the requisite state of mind.
I would add that in my opinion, the first part of the standard jury instruction on principals, in which the jury is instructed that a defendant must know what was going to happen, is particularly confusing in the context of the facts of this case because it leads to the logical question asked by the jury: what is it that the defendant must know was going to happen? Subsequent to the trial of this case, the Standard Jury Instructions were revised to eliminate this sentence so that the instruction now reads:
3.01 Principals
If the defendant helped another person or persons commit a crime, the defendant is a principal and must be treated as if he had done all the things the other person or persons did if
1. the defendant had a conscious intent that the criminal act be done and
2. the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist, or advise the other person or persons to actually commit the crime.
To be a principal the defendant does not have to be present when the crime is committed.
See Standard Jury Instructions in Criminal Cases, 665 So.2d 212, 214 (Fla.1995).
Thus the part of the jury instruction causing this jury confusion has been eliminated. However, the first part of this new instruction could also lead to confusion as to the intent necessary to convict of second-degree murder because there need not be a conscious intent to participate in the murder, but only a conscious intent to participate in a depraved-mind act.
In this case, although the jury could certainly have found that the attack on a defenseless human being would qualify as a depraved-mind act, I do not find the answer given to the juror's question to be harmless error. See Ward v. State, 655 So.2d 1290, 1292 (Fla. 5th DCA 1995).