*857
ON MOTION FOR REHEARING

PER CURIAM.
We grant appellee’s motion for rehearing, withdraw our earlier opinion filed August 19, 1998, and substitute the following.
Appellant appeals his conviction for third degree felony murder. Because there was substantial competent evidence to support the jury verdict, we affirm.
Appellant was charged in a common indictment with Nikolas White and Seth Block. Nikolas White was charged with first degree murder. Appellant and Seth Block where charged with third degree murder. Specifically, the indictment alleged Appellant and Block were engaged in aggravated assault with intent to commit aggravated battery when White shot and killed the victim. Appellant was tried separately.
The victim and two friends drove through a group having a “block party.” While driving through the “block party,” a passenger in the victim’s ear was yelling at the group. Appellant, White and Block were participants in the “block party.” The victim’s ear drove past the group, made a U turn, sped back towards the group, and stopped. Lacasse, a passenger in the car, testified that the car was rushed by a group of four people upon stopping in the street. The victim put his car in neutral and began to exit his car, but got back in and closed the door. As the victim was closing the door, Appellant took a swing at the victim through his open window, but missed. Appellant backed away and the victim rolled up his window. Immediately thereafter White approached the car, asked the victim who he claimed, and fired a shot which struck and killed the victim. There' was testimony that at some point the passenger side rear window was broken, indicating that someone was back there, possibly Block.
Appellant gave a statement to the police, wherein he indicated that he felt the passenger was challenging his group to fight. Appellant further explained that he swung at the victim instead of the passenger because he thought there was going to be a fight and he was going to try and do his part. In addition, a police officer testified that Appellant, White, and Block were all members of a neighborhood group called the Broadview Mob'
This case was based upon circumstantial evidence. “Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.” Pickover v. State, 580 So.2d 287, 290 (Fla. 4th DCA 1991)(quoting State v. Law, 559 So.2d 187, 188-89 (Fla.1989)). Furthermore, “[t]he question of whether the evidence fails to exclude all reasonable hypothesis of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, we will not reverse.” Dupree v. State, 705 So.2d 90, 94 (Fla. 4th DCA 1998)(quoting State v. Law, 559 So.2d at 188-89).
In a felony murder prosecution, the state must prove the underlying felony beyond a reasonable doubt. Love v. State, 438 So.2d 142, 145 (Fla. 3d DCA 1983) (Nesbitt; J., concurring specially)(citing Robles v. State, 188 So.2d 789 (Fla.1966)). In order to convict Appellant of third degree felony murder, there must be evidence that an aggravated assault with intent to commit the felony of aggravated battery was committed and that the Appellant and White were principals in the aggravated assault.
Aggravated assault can be committed if the perpetrators intended to commit a felony. See § 784.021(1), Fla. Stat. (1997). Moreover, the felony of aggravated battery can be committed by intending to cause great bodily harm. See § 784.045(1), Fla. Stat. (1997). Thus, aggravated assault was committed if the perpetrators intended to inflict great bodily harm.
Here, the jury heard evidence that Appellant swung at the victim; something was used to break the window on the passengers side; and the group surrounded the car. The jury also heard evidence of the recent history of violence and confrontation with other groups, including a recent incident where shots were fired. Therefore, we conclude there was substantial competent evi *858 dence that Appellant, Block, and White intended to inflict great bodily harm on the occupants of the vehicle.
“In order to be guilty as a principal for a crime physically committed by another, one must intend that the crime be committed and do some act to assist the other person in actually committing the crime.” Staten v. State, 519 So.2d 622, 624 (Fla.1988). Moreover, “[o]ne who participates with another in a common criminal scheme is guilty of all crimes committed in furtherance of that scheme regardless of whether he or she physically participates in that crime.” Lovette v. State, 636 So.2d 1304, 1307 (Fla.1994)(quoting Jacobs v. State, 396 So.2d 713, 716 (Fla.1981)).
As such, to convict Appellant, the State needed to establish that Appellant, Block, and White were acting as part of a common scheme to commit aggravated assault with intent to commit the felony of aggravated battery. The aggravated assault can be considered the entire incident, including: surrounding the ear; Appellant’s swing at the victim; breaking the passenger side window; and White’s approach to the car with the gun.
Further, the jury was presented with substantial competent evidence of a common scheme, including: Appellant, Block, and White were all members of the Broadview Mob; Appellant stated that he thought there was going to be a fight and he was only trying to do his part; passenger testified that the car was rushed when it stopped; a member of Appellant’s group, possibly Block, was on the opposite side of the ear and broke a window; White immediately approached the car and asked the victim who do you claim, meaning what gang are you in; and shots were fired at the three a few days before this incident and Block fired shots in return.
Based upon the evidence presented to the jury, we find substantial competent evidence was introduced that these three friends, Appellant, Block, and White were participating in a common scheme to commit aggravated assault. Thus, we find there was substantial competent evidence to support of the jury’s conviction of Appellant for third degree murder. Accordingly, we affirm.
AFFIRMED.
DELL, GUNTHER and KLEIN, JJ., concur.