WHATLEY, Judge.
Darron L. Branton appeals his judgments and sentences for robbery with a firearm and three counts of accessory after the fact to robbery with a firearm. We affirm his judgment and sentence for robbery with a firearm without discussion; however, we reverse his judgments and sentences for the three counts of accessory after the fact and remand for the trial court to vacate those judgments.
Branton was convicted of robbery with a firearm and three counts of accessory after the fact to robbery with a firearm based on the same criminal act. The evidence at trial showed that Branton drove three other men to the Hilltop Food Market, the three men entered the store and robbed the owner at gunpoint, and Bran-ton then drove the three men from the store to a hotel.[1] After a jury trial, Bran-ton was convicted as a principal to the crime of robbery with a firearm for driving the getaway car, and he was convicted of three counts of accessory after the fact to robbery with a firearm for driving the getaway car for the three other men. After the jury returned a verdict of guilty on all four counts, the trial court should have dismissed the accessory after the fact counts as the lesser of the two offenses. See Williams v. State, 66 So.3d 360, 361 (Fla. 2d DCA 2011), review granted, 70 So.3d 588 (Fla.2011).
“[A] person convicted as a principal to a crime cannot also be convicted as an accessory after the fact to the same crime, since these two offenses are mutually exclusive.” Donaldson v. State, 722 So.2d 177, 184 (Fla.1998). In Staten v. State, 519 So.2d 622, 623-24 (Fla.1988), the appellant was convicted of second-degree murder, aggravated battery, armed robbery, and three counts of accessory after the fact. Similar to the circumstances in the present case, the appellant stayed in the car while others committed the murder, robbery and battery, and thereafter, the appellant drove the others to her mother’s house and the group separated. Id. at 623. The Florida Supreme Court concluded that the legislature intended that the offense of accessory after the fact apply only to individuals who are not principals in the underlying offense. Id. at 626. The court noted that convictions for both offenses do not violate double jeopardy principals and that its decision was based only on its construction of the statute defining the crime of accessory after the fact. Id. at 625 (citing § 777.03, Fla. Stat. (1985)). The court reasoned that “a principal cannot also become an accessory after the fact by his or her subsequent acts.” Id.; see also Bowen v. State, 791 So.2d 44, 50 (Fla. 2d DCA 2001) (“[A] person cannot be convicted as both a principal in a crime and as an accessory after the fact to the same crime, and the crime of accessory after the fact cannot arise until the underlying crime is complete.”).
Accordingly, we reverse and remand Branton’s judgments and sentences for three counts of accessory after the fact to robbery with a firearm for the trial court to vacate those judgments and sentences. Branton’s judgment and sentence for robbery with a firearm is affirmed.
Affirmed'in part and reversed in part.
KHOUZAM and BLACK, JJ., Concur.

. One of the three men stood in the doorway and acted as a lookout.