[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14796
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-02108-MSS-MAP


DARRON LEON BRANTON, JR.,

Petitioner - Appellant,


versus


SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 10, 2019)

Before MARTIN, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Darron Branton, Jr., a Florida state inmate serving a life sentence, appeals the district court's denial of his federal habeas corpus petition brought pursuant to 28 U.S.C. § 2254.  The district court issued a certificate of appealability ("COA") on two issues:  (1) whether Branton's claim that the state appellate court erred by failing to vacate all four of his mutually exclusive convictions (one count of robbery with a firearm, and three counts of accessory-after-the-fact) and instead selecting which of the offenses to sustain, raises a cognizable claim for habeas relief; and if so, (2) whether that claim is procedurally barred, and whether Branton has made the requisite showing to overcome a procedural default.  Because we conclude that Branton has not stated a cognizable claim for federal habeas corpus relief, we affirm the denial of relief and do not address whether Branton's claim is procedurally barred.

## I.    BACKGROUND

This appeal arises out of Branton's Florida conviction for one count of robbery with a firearm as a principal, in violation of Fla. Stat. § 812.13, and three counts of acting as an accessory-after-the-fact, in violation of Fla. Stat. § 777.03. We adopt the underlying facts of the case as laid out in the district court's thorough order, *see* Doc. 14,[1] and discuss them only to the extent that they are relevant to this appeal.

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

2

A jury convicted Branton of one count of robbery with a firearm as a principal and three counts of acting as an accessory-after-the-fact based on evidence that Branton had served as the getaway driver in an armed robbery. Branton was sentenced to life imprisonment on the robbery count and three concurrent terms of 15 years' imprisonment for each accessory-after-the-fact conviction. On direct appeal Branton argued that the crimes of armed robbery and accessory-after-the-fact to armed robbery, based on the same set of facts, were mutually exclusive crimes. And, he argued, because the evidence was not so clear as to authorize the dismissal of one count over the others, all of his convictions should be vacated and remanded for a new trial. The Florida Second District Court of Appeal affirmed Branton's conviction and sentence for armed robbery as a principal but vacated his convictions and sentences for acting as an accessory-after-the-fact. *Branton v. State*, 86 So. 3d 560 (Fla. Dist. Ct. App. 2012). The court reasoned that under Florida law a person cannot be convicted as both a principal and an accessory-after-the-fact to the same crime. *Id.* at 561. The court noted that in a similar case the Florida Supreme Court had recognized that the defendant's convictions for both offenses did not violate Fifth Amendment double jeopardy principles and stated that its decision was based solely on its construction of Florida statutes. *Id.*

3

Branton filed a *pro se* state motion for post-conviction relief pursuant to Florida Rules of Criminal Procedure Rule 3.850.  In his motion, Branton raised two issues, neither of which is relevant to this appeal.  The state post-conviction court denied his motion.  Branton's request for a rehearing was denied.

Branton then filed a *pro se* Fla. R. App. P. 9.141(d) petition for writ of habeas corpus in the Second District Court of Appeal, in which he argued that his counsel on direct appeal was ineffective for failing to file a motion for rehearing en banc.  Branton argued that appellate counsel failed to argue, following the appeals court's decision to vacate his convictions for accessory-after-the-fact, that Branton was entitled to a new trial.  The Florida Second District Court of Appeal dismissed Branton's petition as untimely and denied a motion for rehearing.

Branton then filed a *pro se* § 2254 petition challenging his conviction for robbery with a firearm.  As relevant here, Branton claimed that because his convictions were mutually exclusive, and the evidence was not so clear as to authorize the dismissal of one over the others, all of the convictions should have been vacated and remanded for a new trial.  The district court denied Branton's § 2254 petition.  The court concluded that Branton raised no cognizable claim for federal constitutional relief because he failed to allege that the state appellate court had deprived him of any federal constitutional right.  Specifically, the court noted that Branton cited no U.S. Supreme Court decision establishing that the state court

4

was required to vacate convictions for armed robbery and accessory-after-the-fact where the offenses were mutually exclusive.  The district court also concluded that Branton's claim was procedurally barred because he failed to raise at trial or on direct appeal any federal claim relating to his convictions for armed robbery and for accessory to armed robbery.

The district court issued a COA on two issues; only the first is at issue:[2] "[W]hether Branton's claim in ground four of his 28 U.S.C. § 2254 petition that the state appellate court erred by failing to vacate his conviction for robbery with a firearm, and instead selecting which of the offenses to sustain, raises a cognizable claim for habeas relief."  Doc. 12 at 35.  This is Branton's appeal.

## II.    STANDARD OF REVIEW

We review a district court's order denying habeas relief *de novo*.  *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1332 (11th Cir. 2009).  We review questions of law *de novo* and questions of fact for clear error.  *Powell v. Allen*, 602 F.3d 1263, 1268 (11th Cir. 2010).  The scope of our review is limited to issues specified in the COA.  *Rhode v. United States*, 583 F.3d 1289, 1290-91 (11th Cir. 2009).

## III.    ANALYSIS

---

[2] The district court additionally concluded that Branton's claim on appeal was procedurally barred, as it is unexhausted in the state courts.  Nonetheless, the court included in the COA the issue of whether Branton's claim is procedurally barred and whether he has made a sufficient showing to overcome his default.  Because Branton has not raised a cognizable claim of federal habeas corpus, we need not discuss whether such a claim would be procedurally barred.

A petition for § 2254 relief is available only where the petitioner alleged that he is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Branton's federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000). Generally, AEDPA bars federal courts from granting habeas relief to a state petitioner on a claim that was adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

On appeal Branton argues, just as he did in the district court, that the Second District Court of Appeal erred in vacating his convictions for accessory-after-the-fact and sustaining his armed robbery conviction. He argues that all of his convictions should have been vacated as mutually exclusive and his case remanded for a new trial. But Branton does not argue that the state court's decision was contrary to or based on an unreasonable application of any clearly established *federal* law, as AEDPA requires. 28 U.S.C. § 2254(d)(1). Nor does he argue that the state court's decision was based on an unreasonable determination of the facts

6

before it.  *Id.* § 2254(d)(2).  Indeed, as the district court explained in its well-reasoned order, *see* Doc. 14, Branton has articulated no cognizable claim for federal habeas corpus relief because the federal courts are limited to correcting errors of *federal* law, and Branton never brought a federal claim, either in state court or in federal court.  *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("a habeas petition grounded on issues of state law provides no basis for habeas relief").[3]

We therefore affirm the well-reasoned order of the district court.

## IV.    CONCLUSION

For the reasons discussed above, we affirm the district court's denial of Branton's § 2254 habeas petition.

**AFFIRMED.**

---

[3] For the first time on appeal, Branton argues that the Florida Second District Court of Appeal's decision violated the Sixth Amendment and his right to due process.  Because he never raised that claim in the district court, it is not properly before us.  *See Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000).  And, however, in any event, Branton failed to articulate a claim in state court based on these federal constitutional principles.  Thus, for the same reasons we explain above, he is entitled to no relief now.